UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 5:12-CR-79-KKC-HAI-11 |
| v. ) | No. 5:14-CV-07362-KKC-HAI |
| ) | |
| JUSTIN CORNELIUS WRIGHT, ) | |
| ) | RECOMMENDED DISPOSITION |
| Defendant. ) | |
| ) | |
| ) | |

*** *** *** ***

On July 30, 2014,[1] pro se Defendant Justin Cornelius Wright filed a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 963. In his supporting memorandum, Wright requests an evidentiary hearing. D.E. 963-1 at 9-10. Per local practice, the motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Fully briefed, the motion is ripe for review. Wright's motion presents a single claim of ineffective assistance of counsel premised upon his counsel's failure to advise him of, or to challenge, a prior felony drug conviction on the basis that that conviction was not final. Because that conviction was final as a matter of law, Wright cannot establish deficient performance or prejudice, and therefore the undersigned recommends that his motion be denied and that no certificate of appealability be issued.

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002). Here, Wright affirmed under penalty of perjury that he placed the Motion in the prison mailing system on July 30, 2014.

## I. Background

Wright's motion presents a single, narrow claim, and the relevant background is similarly narrow in scope. On November 29, 2012, Wright pled guilty to a violation of 21 U.S.C. § 846, conspiracy to distribute 28 grams or more of cocaine base, and to a violation of 21 U.S.C. § 841(a)(1), distribution of cocaine base. D.E. 318. Well before the plea, specifically on September 20, 2012, the United States filed a "21 U.S.C. § 851 Information" notifying Wright that it intended to seek an enhanced sentence pursuant to 21 U.S.C. § 841(a)(1) because Wright had a prior felony drug conviction, specifically a conviction for 1st degree possession of a controlled substance imposed by the Fayette Circuit Court on October 23, 2009. D.E. 160.

During his guilty plea hearing, counsel for the United States and Chief Judge Caldwell specifically discussed the prior felony conviction with Wright. D.E. 874 at 16-19. On May 16, 2013, Wright was sentenced to ten years imprisonment for each offense, to be served concurrently. D.E. 620 at 2. Because of the admitted drug quantity involved in the conspiracy and Wright's prior felony drug conviction, ten years was the minimum prison term mandated by 21 U.S.C. § 841(b)(1)(B).

Wright appealed unsuccessfully (D.E. 905), and this collateral attack ensued. Notably, Wright's plea agreement includes a waiver of collateral attack rights concerning his guilty plea and conviction, but is silent as to any such waiver concerning his sentence. D.E. 320 at 6.

## II. Analysis

Wright asserts a single claim of ineffective assistance of counsel.[2] He claims that his counsel, Benjamin P. Hicks, failed to adequately advise him of the requirements of 21 U.S.C. § 851 and failed to challenge his prior conviction under that statute on the basis that it was not

---

[2] Wright's motion attempts to preserve the ability to add three grounds for relief. *See* D.E. 963 at 4-5. However, no timely supplementation was ever made.

2

final. Wright contends that his state conviction was not final because, citing Rule of Criminal Procedure 11.42, Kentucky law allows for a collateral attack within three years of the date of conviction. D.E. 963-1 at 4-5. He asserts that his state conviction was imposed on October 23, 2009, and the notice pursuant to 21 U.S.C. § 851 was filed on September 20, 2012. *Id*. at 5. Thus, he contends that his counsel should have recognized that three years had not passed, that therefore his conviction was not "final" under 21 U.S.C. § 851, and that the failure to investigate this issue or to raise it constitutes ineffective assistance of counsel.

To successfully assert an ineffective assistance of counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (noting that a defendant must prove ineffective assistance of counsel by a preponderance of the evidence). In order to prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688. However, a defendant is not permitted to second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). Notably, "[a] fair assessment of attorney performance requires that every effort be made to

3

eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Deficient performance is considered constitutionally prejudicial only when "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. In order to prove prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must take into consideration the "totality of the evidence before the judge or jury." *Id.* at 695.

Of course, Wright was convicted following his guilty plea. A defendant who alleges that his decision to plead guilty was the result of ineffective assistance "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (adopting *Strickland* test in context of guilty pleas).

Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Strickland*, 466 U.S. at 697.

Wright's claim fails because he cannot establish deficient performance or prejudice. First, Wright does not actually contend that he would not have pled guilty if his counsel had challenged the notice of prior conviction, thus he does not establish prejudice as required by *Lockhart*. Second, even if Wright did make this express claim of prejudice or if his motion were construed as only attacking his sentence, his claim would still have no merit. His claim boils down to the argument that his conviction imposed by the Fayette Circuit Court on October 23,

4

2009, was not final on September 20, 2012 (the date the United States filed the notice of prior conviction), because his time to collaterally attack that conviction had not yet expired. However, Wright misunderstands the law.

> For purposes of interpreting [21] § 841(b)(1) . . . "'the meaning of the phrase "[has] become final" is a question of federal law rather than state law.'" *United States v. Walker*, 160 F.3d 1078, 1093 (6th Cir.1998) (quoting *United States v. Cisneros*, 112 F.3d 1272, 1280 (5th Cir.1997)). Moreover, we have joined other federal circuit courts in adopting the standard for determining finality: a conviction becomes final for the purpose of sentencing when the time for taking a direct appeal from the judgment of conviction has expired. *Walker*, 160 F.3d at 1093. *See also United States v. Lovell*, 16 F.3d 494, 497 (2nd Cir.1994) (collecting cases from other circuits).

*United States v. Miller*, 434 F.3d 820, 823 (6th Cir. 2006).

So, whether Wright's prior conviction was "final" for federal sentencing purposes only depends upon whether the time for taking a direct appeal from that conviction had expired. Wright does not contend that he could have appealed that conviction or that an appeal was pending at the time the notice of prior conviction was filed in this case. Moreover, the online docket of the Kentucky Court of Justice, Courtnet, indicates that no appeal was filed. The record reflects that Wright's Final Judgment and Sentence of Imprisonment was served by the Fayette Circuit Clerk on December 16, 2009. D.E. 160-1 at 9. Rule 12.04(3) of the Kentucky Rules of Criminal Procedure requires that an appeal be taken thirty (30) days after the entry of the judgment, which event is defined by Rule 12.06(2). Because Wright does not claim that he did appeal and it appears that he did not, his conviction became final in January 2010 by operation of Rules 12.04(3) and 12.06(2). Wright's prior felony conviction was therefore final years before the date (September 20, 2012) that the section 851 notice was filed.

5

Wright's argument that the time for a collateral attack pursuant to RCr 11.42 had not yet run misses the mark because Sixth Circuit law plainly holds that finality is dependent upon expiration of the time for a direct appeal.  Because the conviction was final, Wright's claim collapses.  Any argument that the conviction was not final would have been futile.  "[C]ounsel's failure to raise futile objections and arguments does not amount to constitutionally deficient performance."  *Lyons v. Caruso*, 202 F.3d 269, at *3 (6th Cir. 1999) (Table).  Nor is there any prejudice.  The futile claim that the conviction was not final does not give rise to a reasonable probability that Wright would not have pled guilty and gone to trial, or that his sentence would have been in any way different.

### III.  Wright is Not Entitled to an Evidentiary Hearing

Wright requests an evidentiary hearing on the general question of "whether his attorney was constitutionally ineffective for failing to challenge the § 851 enhancement and whether the [ineffectiveness] prejudiced" him.  D.E. 963-1 at 9.  An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]"  28 U.S.C. § 2255(b); *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("an evidentiary hearing is required unless 'the record conclusively shows that the petitioner is entitled to no relief.'") (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).  Defendant's burden in establishing that he is entitled to an evidentiary hearing is "relatively light."  *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).  However, a "full blown evidentiary hearing'" is not required in every case.  *Smith v. United States*, 348 F.3d 545, 550-551 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)).  An evidentiary hearing is not required when "the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than

statements of fact.'" *Arrendondo*, 178 F.3d at 782 (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). As discussed above, the record conclusively shows that Wright cannot establish deficient performance or prejudice, therefore no hearing is warranted.

## IV. Certificate of Appealability

A Certificate of Appealability may issue where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003) (discussing development of standard). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *see Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001)). The Court has considered the issuance of a Certificate of Appealability as to Wright's claim. However, no reasonable jurist would find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

## V. Conclusion and Recommendation

For the reasons discussed above, the Court **RECOMMENDS** that the District Court **DENY** Wright's motion (D.E. 963) for 28 U.S.C. § 2255 relief. Because the record conclusively shows that he is not entitled to relief, Wright's request for an evidentiary hearing should be **DENIED**. The Court also **RECOMMENDS** that the District Court **DENY** a Certificate of Appealability.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also*

Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

    This the 24th day of February, 2015.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge