UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION-- LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>JUSTIN CORNELIUS WRIGHT,<br>    Defendant. | CRIMINAL ACTION NO. 5:12-79-KKC<br>CIVIL ACTION NO. 5:14-7362-KKC<br><br>**ORDER** |

This matter is before the Court on Defendant Justin Cornelius Wright's *pro se* motion for relief pursuant to 28 U.S.C. § 2255 (DE 963). Wright asserts that his trial counsel was ineffective for not explaining the effect that Wright's prior conviction would have on his sentence or challenging his prior conviction through state court collateral attack. Consistent with local practice, this matter was referred to the United States Magistrate Judge for consideration.

The Magistrate Judge filed a Report and Recommendation on February 24, 2015 (DE 1047). Based on a review of the record and applicable case law, the Magistrate Judge recommended that Wright's motion be denied because, as a matter of law, Wright's prior state court conviction was final because the conviction was not subject to direct attack and that Wright received proper warning about the effect that his prior conviction would have on his federal sentence. (DE 1047 at 2, 5–6.) Wright filed objections to the Report and Recommendation on March 10, 2015 (DE 1065) asserting that his prior state court conviction was not final, that he was not adequately informed about the effect of his prior conviction on his federal sentence, and that he had a right to an evidentiary hearing. The United States did not file a response. This Court exercises *de novo* review of the portions of the Report and Recommendation to which objections are made. *See* 28 U.S.C. § 636(b)(1)(C).

**I. Prior State Court Conviction**

Wright asserts that his prior state court conviction was not final at the time that the United States filed a notice, pursuant to 21 U.S.C. § 851, that it intended to seek an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) because of his prior felony drug conviction. Wright contends that his prior state court conviction was not final because the Kentucky Rules of Criminal Procedure permit a collateral attack "within three years after the judgment becomes final." Ky. RCr. 11.42(10). But Wright misconstrues the legal definition of finality and conflates direct and collateral attacks to a judgment.

On October 23, 2009, Wright pleaded guilty to possession of a controlled substance in the first degree in Fayette Circuit Court and was sentenced to serve for one year in the State Penitentiary. (DE 160-1 at 4–5, 8.) Final Judgment was entered on December 16, 2009, (DE 160-1 at 7) and he never challenged this conviction on a direct appeal or collateral attack. On September 18, 2012, Wright was arraigned in this current matter, and the United States filed its § 851 notice on September 20, 2012 (DE 160). Wright pleaded guilty to conspiring to distribute twenty-eight grams or more of cocaine base, a Schedule II controlled substance, and to distributing cocaine base, a Schedule II controlled substance (DE 320 at 1–2). He was sentenced to serve 120 months (DE 620).

A prior felony drug conviction must be final to be used for sentence-enhancement purposes. 21 U.S.C. § 841(b)(1)(A). "Federal law governs whether a prior conviction is final within the meaning of § 841." *United States v. Corona*, 493 F. App'x 645, 655 (6th Cir. 2012). "A conviction becomes final for the purpose of [federal] sentencing when the time for taking a direct appeal from the judgment of conviction has expired." *United States v. Miller*, 434 F.3d 820, 823 (6th Cir. 2006). In Kentucky, criminal defendants must file a direct appeal within thirty days "after the date of entry of the judgment." Ky. RCr. 12.04(3).

Here, judgment was entered in Wright's state court conviction on December 16, 2009. The record does not reflect—and Wright does not assert—that he ever filed a direct appeal. Therefore, Wright's state court conviction, for the purpose of federal sentencing, became final in January 2010. The length of time to file a collateral attack in Kentucky state court is irrelevant to determining finality for the purpose of federal sentencing. *Miller*, 434 F.3d at 823. Therefore, it was clearly not in error for the United States to seek an enhanced sentence under 21 U.S.C. § 841(b)(1)(A) for his prior felony drug conviction. *Id.*

**II. Notice**

Wright contends that he is entitled to relief under § 2255 because he was not adequately informed about the effect of his prior state court conviction. He asserts that the "Court failed to advise [him] properly under § 851 prior to imposing the enhancement" and that his counsel's failure to advise him constituted ineffectiveness. (DE 1065 at 6.) First, the Court notes that during Wright's rearraignment, the Court had a lengthy discussion with him concerning his prior drug conviction and that, because of the prior conviction, the statute required a term of imprisonment between ten and thirty years. (DE 874 at 18.) Second, Wright's § 2255 petition includes an affidavit from his trial counsel stating that he and Wright had discussed the statutory penalties for his case. (DE 963-3 at 2.) Wright's argument also fails as a claim of ineffectiveness.

A defendant claiming ineffective assistance of counsel must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

> To establish deficient performance, a person challenging a conviction must show that counsel's representation fell below an objective standard of reasonableness. A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that

3

>counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal quotations and citations omitted). "To show *Strickland* prejudice in the guilty-plea context, a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011). Wright has failed to demonstrate deficient performance *or* prejudice.

Wright alleges that his trial counsel was deficient for not initiating a collateral attack on his state court conviction and challenging the sentence enhancement for his prior felony drug conviction. Even presuming Wright's trial counsel *had* initiated a collateral attack, that collateral attack would *not* have altered the finality of his prior conviction under federal law. *See Miller*, 434 F.3d at 823; Ky. RCr. 12.04(3). Choosing not to file a collateral attack on Wright's prior felony drug conviction, which would have had no effect on his federal sentencing range, does not fall below an objective standard of reasonableness. *Richter*, 562 at 104; *see also Lyons v. Caruso*, 202 F.3d 269 (6th Cir. 1999) (Table) ("[C]ounsel's failure to raise futile objections and arguments does not amount to constitutionally deficient performance.").

Wright does not allege *Strickland* prejudice. He only asserts that "if a defendant challenges a prior, the government must prove those priors beyond a reasonable doubt." (DE 1065 at 3.) At no point does Wright assert that he would not have pleaded guilty and would have insisted on going to trial. (*See* DE 963; DE 1065.) Further, his prior state court felony drug conviction was final as a matter of law; it was proper to apply the sentence enhancement pursuant to § 841(b)(1)(A). Therefore, the result of the proceeding would not have been different and Wright was not prejudiced. *See Strickland*, 466 U.S. at 694.

**III. Evidentiary Hearing**

4

Wright claims that the Magistrate Judge did not explain why he was not entitled to an evidentiary hearing (DE 1065 at 2); however, the Magistrate Judge clearly addressed and fully explained why Wright is not entitled to an evidentiary hearing (DE 1047 at 6–7). An evidentiary hearing is not necessary where "the record conclusively shows that the [defendant] is entitled to no relief." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citations omitted). Because the record is clear that Wright is not entitled to the relief sought, no evidentiary hearing shall be held.

**IV. Conclusion**

Having thus reviewed the Report and Recommendation along with the objections filed by Wright and finding no error, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge. Accordingly, **IT IS ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation (DE 1047) is **ADOPTED** as and for the opinion of the Court;

2. The defendant's objections to the Magistrate Judge's Report and Recommendation (DE 1065) are **OVERRULED**;

3. The defendant's motion to vacate (DE 963) is **DENIED**; and

4. Judgment shall be entered contemporaneously with this Order in favor of the plaintiff.

Dated April 20, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY